UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
DEBORAH L. BOARDMAN
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
Fax: (410) 962-2577
MDD_DLBChambers@mdd.uscourts.gov

May 1, 2020

LETTER TO COUNSEL

   RE:   *Lora C. v. Commissioner, Social Security Administration*
         Civil No. DLB-19-1385

Dear Counsel:

   On May 10, 2019, Plaintiff Lora C. petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny her claim for Supplemental Security Income. ECF No. 1. I have considered the parties' cross-motions for summary judgment, and Plaintiff's response. ECF No. 14 ("Pl.'s Mot."), ECF No. 15 ("Def.'s Mot."), ECF No. 16 ("Pl.'s Resp."). I find that no hearing is necessary. See Loc. R. 105.6 (D. Md. 2018). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. See 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, reverse the Commissioner's decision in part, and remand the case to the Commissioner for further consideration. This letter explains my rationale.

   After a previous denial, Plaintiff filed her claim for benefits on September 18, 2015, alleging a disability onset date of February 26, 2015. Administrative Transcript ("Tr.") 195. Her claim was denied initially and on reconsideration. Tr. 126-29, 142-43. A hearing was held on November 8, 2017, before an Administrative Law Judge ("ALJ"). Tr. 33-72. Following the hearing, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. Tr. 15-28. The Appeals Council denied Plaintiff's request for review, Tr. 1-6, so the ALJ's decision constitutes the final, reviewable decision of the SSA.

   The ALJ found that Plaintiff "ha[d] the following severe impairments (at least in combination): obesity, spine disorders, and depressive, anxiety, trauma- and stressor-related disorders." Tr. 18. In a footnote, the ALJ noted that "[t]he claimant's spine disorders are questionably severe in light of the medical imaging found at Exhibit B3F/47-48, showing minimal S-shaped scoliosis and no acute abnormalities of the thoracic spine and mild degenerative changes with no acute process of the lumbar spine." Id. at 18 n.2. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

   perform light work (lift or carry 20 pounds occasionally and 10 pounds frequently, stand or walk about 6 hours in an 8-hour workday, and/or sit about 6 hours in an 8-hour workday), as defined in 20 CFR 416.967(b), that involves postural activities only occasionally (climbing, balancing, stooping, kneeling, crouching, and crawling), while

> retaining the concentration, persistence, and pace to perform simple, repetitive work in a stable environment that does not require interacting with the public and no more than occasional interaction with co-workers.

Tr. 20. After considering the testimony of a vocational expert ("VE"), the ALJ determined that Plaintiff had no past relevant work, and that she could perform jobs existing in significant numbers in the national economy. Tr. 27-28. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 28.

Plaintiff raises two arguments on appeal: (1) that the ALJ's decision ran afoul of the Fourth Circuit's decision in *Mascio v. Colvin*, and (2) that the ALJ did not provide an adequate analysis of Listing 1.04A at step three. Pl.'s Mot. 8-25. I agree that the ALJ's step-three analysis was inadequate under Fourth Circuit precedent and that remand is warranted. In remanding for further explanation, I express no opinion as to whether the ALJ's ultimate conclusion that Plaintiff is not entitled to benefits is correct.

<u>The ALJ's step-three analysis of Listing 1.04A was inadequate under Fourth Circuit precedent</u>

Plaintiff argues that the ALJ's evaluation of Listing 1.04A failed to comply with Fourth Circuit precedent. Pl.'s Mot. 8-15 (citing *Cook v. Heckler*, 783 F.2d 1168, 1172-73 (4th Cir. 1986); *Radford v. Colvin*, 734 F.3d 288 (4th Cir. 2013); *Fox v. Colvin*, 632 F. App'x 750 (4th Cir. 2015); and *Brown v. Colvin*, 639 F. App'x 921 (4th Cir. 2016)).

In *Fox*, the Fourth Circuit clarified the evidentiary requirements needed to support an ALJ's determination of whether any of a claimant's impairments meets a listing at step three of the sequential evaluation. 632 F. App'x at 754-55. At step three of the sequential evaluation, an ALJ determines whether a claimant's impairments meet or medically equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. The Listings describe each of the major body system impairments that the Agency "consider[s] to be severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience." 20 C.F.R. § 416.925(a). Each impairment listing contains a set of signs or objective medical findings that must be present for the claimant's impairment to meet the listing.

In *Fox*, regarding his findings at step three of the sequential evaluation, the ALJ stated:

> Although the claimant has 'severe' impairments, they do not meet the criteria of any listed impairments described in Appendix 1 of the Regulations (20 CFR, Subpart P, Appendix 1). No treating or examining physician has mentioned findings equivalent in severity to the criteria of any listed impairment, nor does the evidence show medical findings that are the same or equivalent to those of any listed impairment of the Listing of Impairments. In reaching this conclusion, the undersigned has considered, in particular, sections 9.00(B)(5) and 11.14.

632 F. App'x at 754-55. The Fourth Circuit held that the ALJ's analysis was deficient because it consisted of conclusory statements and did not include "any 'specific application of the pertinent legal requirements to the record evidence.'" *Id.* at 755 (quoting *Radford*, 734 F.3d at 295). That is, the ALJ

*Lora C. v. Commissioner, Social Security Administration*
Civil No. 19-1385-DLB
May 1, 2020
Page 3

did not apply any findings or medical evidence to the disability listing and "offered nothing to reveal why he was making his decision." *Id.* (emphasis in original). The Fourth Circuit also rejected the notion that failure to engage in meaningful analysis at step three could constitute harmless error where the evidence of record otherwise demonstrated that the claimant did not meet a listing. *Id.* Rather, the *Fox* Court emphasized that it is not the Court's role to "engage[] in an analysis that the ALJ should have done in the first instance," or "to speculate as to how the ALJ applied the law to its findings or to hypothesize the ALJ's justifications that would perhaps find support in the record." *Id.* The Court noted that it could not conduct a meaningful review "when there is nothing on which to base a review." *Id.*

Here, the ALJ's step-three analysis of Plaintiff's spine disorder under Listing 1.04 is as follows:

> The musculoskeletal listings focus on loss of function. Regardless of the cause(s) of a musculoskeletal impairment (e.g. spine disorders under Listing 1.04), functional loss for purposes of these listings is defined as the inability to ambulate effectively on a sustained basis for any reason, including pain associated with the underlying musculoskeletal impairment, or the inability to perform fine and gross movements effectively on a sustained basis for any reason, including pain associated with the underlying musculoskeletal impairment. The evidence of record does not establish ineffective ambulation or an inability to perform fine or gross movements effectively.

Tr. 19. Listing 1.04 contains three subparts, any of which may be satisfied to meet the listing. To meet Listing 1.04B or Listing 1.04C, a claimant must show either the inability to ambulate effectively or perform fine and gross movements effectively. See 20 C.F.R. Pt. 404, Subpt. P, App'x 1, § 1.04B, C. To meet Listing 1.04A, however, a claimant need not show an inability to ambulate effectively or perform fine and gross movements effectively. *See id.* § 1.04A.[1] Despite this difference between the requirements for the three subparts, the ALJ dismissed all three subsections of Listing 1.04 by stating "the record does not establish ineffective ambulation or an inability to perform fine or gross movements effectively." Tr. 19.

The Commissioner argues that the ALJ's decision, as a whole, provided sufficient explanation for his finding that Plaintiff's spine disorder did not meet or medically equal Listing 1.04A. Def.'s Mot. 16 (citing Tr. 18-26). The Commissioner further argues that, even if the Court were to find the ALJ's explanation lacking, remand is not warranted because Plaintiff has failed to show that the error was not harmless. *Id.* at 18-19 ("[T]he record lacks credible evidence of at least one of the required symptoms of Listing 1.04A, such as evidence of nerve root compression characterized by motor loss (atrophy with associated muscle weakness or muscle weakness)).")

Crediting the Commissioner's argument would require this Court to "review the record and cure the ALJ's deficienc[ies]," which *Fox* explicitly precludes. 632 F. App'x at 755. *Fox* and its progeny

---

[1] To meet Listing 1.04A, a claimant must establish a disorder of the spine that results in the compromise of a nerve root and "[e]vidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine)[.]" 20 C.F.R. Pt. 404, Subpt. P, App'x 1, § 1.04A.

instruct that "it is not [the court's] role to speculate as to how the ALJ applied the law to its findings or to hypothesize the ALJ's justifications that would perhaps find support in the record." *Id.* While the Fourth Circuit noted that "[i]nconsistent evidence abound[ed]" in *Fox*, it did not base its holding on any conflict in the evidence of record. *Id.* Rather, the Fourth Circuit emphasized that a court is unable to conduct meaningful review where an ALJ fails to provide "any 'specific application of the pertinent legal requirements to the record evidence.'" *Id.* (citing *Radford*, 734 F.3d at 295). Likewise, in *Brown v. Colvin*, the Fourth Circuit explicitly declined "the Commissioner's invitations to review the medical record de novo to discover facts to support or refute the ALJ's finding at Step Three" and held that "it was error for the district court to do so." 639 F. App'x at 923. While the Fourth Circuit indicated that the record in *Brown* was "not so one-sided that one could clearly decide, without analysis, that Listing 4.04C is not implicated," this was not the Fourth Circuit's only reason for remand. *Id.* Instead, the Fourth Circuit cited *Radford* in remanding the case "to avoid engaging in fact-finding 'in the first instance' and to allow the ALJ to further develop the record so that we can conduct a meaningful judicial review in the event the case returns to us." *Id.* (citing *Radford*, 734 F.3d at 296).

While the ALJ included some discussion of Plaintiff's treatment records regarding her spine, Tr. 21-25, the ALJ's opinion does not contain an assessment of the criteria set forth in Listing 1.04A. *Fox* instructs that, regardless of whether there was inconsistent evidence in the record, the ALJ had a duty to connect the requirements of relevant listings to medical findings regarding Plaintiff's severe impairments. That duty would not be fulfilled by an ALJ's discussion of medical evidence elsewhere in the decision, unless the evidence was directly connected to the requirements of a listing. *See Smith v. Astrue*, 457 F. App'x 326, 328 (4th Cir. 2011) ("Reading the ALJ's decision as a whole, substantial evidence supports the finding at step three of the sequential evaluation process as the ALJ's analysis at subsequent steps of the evaluation are inconsistent with meeting Listing 1.02."); *but see Fox*, 632 F. App'x at 755 ("Nor was there any 'specific application of the pertinent legal requirements to the record evidence.' As a result, the ALJ's findings lack the 'necessary predicate' for us to engage in review.") (citations omitted). Here, as in *Fox*, the ALJ failed to apply the requirements of a relevant listing to the medical evidence at any point in the decision.

The Commissioner's argument that any error here is harmless must fail. *Fox* and its progeny preclude a "harmless error" analysis by prohibiting a *de novo* review of the record to see whether evidence supporting a listing is contained therein, and the ALJ here did not provide a reviewable analysis. In light of the Fourth Circuit's clear directives in *Radford*, and equally clear but non-binding decisions in *Fox* and *Brown*, I decline to review the medical record *de novo* to assess whether the criteria of Listing 1.04A are met. Accordingly, remand is warranted for the ALJ to provide an explanation of his application of Listing 1.04A to Plaintiff's case.

<u>The ALJ's RFC explanation did not run afoul of *Mascio*</u>

Plaintiff also argues that the ALJ erred by not sufficiently accounting for her moderate limitations in the area of concentration, persistence, or pace. Pl.'s Mot. 8-15 (citing *Mascio v. Colvin*, 780 F.3d (4th Cir. 2015)). In *Mascio*, the Fourth Circuit determined that remand was appropriate for three distinct reasons, including, as pertinent to this case, the inadequacy of the ALJ's evaluation of Plaintiff's "moderate difficulties" in concentration, persistence, or pace. 780 F.3d at 638. The ability to concentrate, persist, or maintain pace is one of four broad functional areas that an ALJ is required

*Lora C. v. Commissioner, Social Security Administration*
Civil No. 19-1385-DLB
May 1, 2020
Page 5

to consider when evaluating a claimant's mental impairments.[2] 20 C.F.R. Pt. 404, Subpt. P, App'x 1, § 12.00(A)(2)(b); see 20 C.F.R. 416.920a (explaining the "special technique" for evaluating the severity of a claimant's mental impairments). The ALJ assigns a rating based on the extent to which the claimant's impairment "interferes with [his] ability to function independently, appropriately, effectively, and on a sustained basis." 20 C.F.R. § 416.920a(b), (c)(2). The ALJ uses a five-point scale to rate a claimant's degree of limitation in the four areas: none, mild, moderate, marked, or extreme. *Id.* § 416.920a(c)(4). A moderate limitation signifies that the claimant has only a fair ability to function in the relevant area of mental functioning. 20 C.F.R. Pt. 404, Subpt. P, App'x 1 § 12.00(F)(2)(c).

The Fourth Circuit remanded *Mascio* because the hypothetical the ALJ posed to the VE – and the corresponding RFC assessment – did not include any mental limitations other than unskilled work, despite the fact that the ALJ determined that the claimant had moderate difficulties in maintaining concentration, persistence, or pace at step three. 780 F.3d at 637-38. The Fourth Circuit specifically held that it "agree[s] with other circuits that an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." *Id.* at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)) (internal quotation marks omitted). In so holding, the Fourth Circuit emphasized the distinction between the ability to perform simple tasks and the ability to stay on task, stating that "[o]nly the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." *Id.* Although the Fourth Circuit noted that the ALJ's error might have been cured by an explanation as to why the claimant's moderate difficulties in concentration, persistence, or pace did not translate into a limitation in the claimant's RFC, it held that absent such an explanation, remand was necessary. *Id.* The Court recently reiterated that *Mascio* "did not impose a categorical rule that requires an ALJ to always include moderate limitations in concentration, persistence, or pace as a specific limitation in the RFC." *Shinaberry v. Saul*, 952 F.3d 113, 121 (4th Cir. 2020) (finding that the ALJ adequately explained the RFC's mental limitations where the RFC did not include a specific limitation addressing the plaintiff's moderate limitation in concentration, persistence, or pace).

Here, the ALJ found that Plaintiff had moderate limitations maintaining concentration, persistence, or pace at step three. Tr. 19-20. The ALJ's analysis stated:

> With regard to concentrating, persisting, or maintaining pace, the claimant has no more than moderate limitation. The claimant reported using the computer, playing video games, and going on Facebook. In her Function Report, the claimant wrote that she had to re-read instructions several times and that she could not pay attention long enough to read a book. Psychological testing found the claimant reported symptoms consistent with others who had Attention Deficit Hyperactivity Disorder during childhood, with current symptoms being more pronounced when compared to symptoms in childhood, and social relationships were negatively impacted by her problems with inattention, staying on task, and maintaining concentration.

---

[2] The other three areas are: (1) the ability to understand, remember, or apply information; (2) the ability to interact with others; and (3) the ability to adapt or manage oneself. 20 C.F.R. Pt. 404, Subpt. P, App'x 1, § 12.00(A)(2)(b) (the "paragraph B" criteria).

*Lora C. v. Commissioner, Social Security Administration*
Civil No. 19-1385-DLB
May 1, 2020
Page 6

*Id.* (internal citations omitted). After making a finding that Plaintiff was moderately limited in her ability to concentrate, persist, or maintain pace, the ALJ restricted her to "simple, repetitive work in a stable environment that does not require interacting with the public and no more than occasional interaction with co-workers." Tr. 20.

Plaintiff argues that the limitation to "simple, repetitive work" is similar to the limitations deemed insufficient in *Mascio*, and that the ALJ failed to provide an explanation for why he did not include an RFC restriction to address Plaintiff's difficulties with concentration persistence, and pace. Pl.'s Mot. 11. The ALJ specifically provided that Plaintiff would "retain[] the concentration, persistence, and pace to perform simple, repetitive work." Tr. 20. Although a limitation to simple and repetitive work, without explanation, is insufficient under *Mascio*, the ALJ provided such an explanation here. First, the ALJ discussed a 2015 psychological report where the psychologist found that Plaintiff's "social relationships appeared to be the only area that was negatively impacted by her problems with attention, staying on task, and maintaining concentration." Tr. 22 (citing Tr. 287). Next, the ALJ discussed and adopted the opinions of the State agency psychiatric consultants, Tr. 25-26, who opined that although "[Plaintiff] may have difficulty carrying out detailed instructions and maintain concentration for extended periods of time," she was "capable of sustained concentration on simple tasks," Tr. 106-07, 121 (also noting that Plaintiff was "moderately limited" in her ability to "carry out detailed instructions," but "not significantly limited" in her ability to "carry out very short and simple instructions."). Although Plaintiff's therapist, Carole Hart, LCSW, opined that Plaintiff had an extreme limitation in the area of concentration, persistence, and pace, the ALJ gave her opinion no weight because "there [were] no contemporaneous therapy notes of record from LCSW Hart for the period in question," an LCSW is "not an acceptable medical source" under Social Security law, and the evidence "[did] not support the extreme limitations posited by LCSW Hart."[3] Tr. 25. Plaintiff does not challenge the ALJ's evaluation of the opinion evidence. The ALJ concluded that "the claimant's noted difficulties with concentration and social interactions support a limitation to simple, routine work." Tr. 26.

Although the ALJ could have more clearly explained why Plaintiff's moderate limitations in concentration, persistence, and pace did not necessitate further limitations in her RFC assessment, the ALJ's RFC discussion sufficiently demonstrates that he found that Plaintiff's difficulties with concentrating, persisting, and maintaining pace would not preclude simple and routine work. *See Shinaberry*, 952 F.3d at 121-22. This is not a case where the ALJ's RFC analysis did not address his step-three finding that the plaintiff had moderate limitations in concentration, persistence, or pace.[4]

---

[3] The ALJ summarized LCSW Hart's opinion that Plaintiff "would be absent from work more than 3 times a month due to her impairments; that she had fair to poor/none mental abilities to do unskilled work, poor/none mental abilities and aptitudes needed to do semiskilled and skilled work, fair to poor/none mental abilities and aptitudes needed to do particular types of jobs, including interacting with the general public, maintaining socially appropriate behavior, and using public transportation; and that she had moderate limitation in activities of daily living, extreme limitations in social functioning and concentration, persistence, or pace, and 4 or more episodes of decompensation." Tr. 25 (citing Tr. 541-45).

[4] As Plaintiff points out, such a scenario would frustrate judicial review. Pl.'s Resp. 6 (citing *Thomas v. Comm'r, Soc. Sec. Admin.*, No. SAG-16-1229, 2017 WL 1193990, at *2 (D. Md. Mar. 29, 2017), for the proposition that harmless error does not apply where the "RFC analysis [does] not specifically address [a claimant's] ability to

The ALJ's explanation, while not robust, is sufficient, and his finding is supported by substantial evidence in the record. "'[A] deficiency in opinion-writing is not a sufficient reason for setting aside an administrative finding where the deficiency had no practical effect on the outcome of the case.'" *Thompson v. Colvin*, Civil No. TMD 13-3450, 2015 WL 1393562, at *8 (D. Md. March 24, 2015) (quoting *Senne v. Apfel*, 198 F.3d 1065, 1067 (8th Cir. 1999)). On remand, the ALJ may consider developing his explanation.

For these reasons, Plaintiff's Motion for Summary Judgment, ECF No. 14 is DENIED, and Defendant's Motion for Summary Judgment, ECF No. 15, is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED IN PART due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion.

Despite the informal nature of this letter, it should be flagged as an opinion. A separate order follows.

Sincerely yours,

/s/

Deborah L. Boardman
United States Magistrate Judge

---

sustain concentration" after a step-three finding of "moderate limitations in sustained concentration and persistence").